IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**TRAVIS CARTER, # M1357**                                                                   **PLAINTIFF**

**VERSUS**                                                      **CIVIL ACTION NO. 1:14cv376-KS-RHW**

**SUPERINTENDENT DEMMAS, CAPTAIN
MORRIS, OFFICER O. LEWIS,
DISCIPLINARY HEARING OFFICER L.T.
HERNDS, and HUBERT DAVIS**                                                                 **DEFENDANTS**


### MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Travis Carter's pleadings.  He is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action challenging a Rule Violation Report ("RVR").  The Court has considered and liberally construed the pleadings.  As set forth below, this case is dismissed.

### BACKGROUND

Carter alleges that, on May 29, 2014, he was housed at South Mississippi Correctional Institution.  While he was in the dining hall, Defendant Captain Morris announced that there would be a shakedown on Carter's housing zone, since an inmate was stealing food trays.  Some of the inmates had already returned to the zone at this point, while some, like Carter, were still finishing their meal.  When Carter and the others were finished, they were escorted outside, where the remaining inmates from their zone joined them.  The inmates remained outside during the shakedown.  After the shakedown, Carter was accused of possessing a cellular telephone.  For this, he was given an RVR.

The RVR accused Carter of having a cell phone on his bed.  However, Carter claims the cell phone was not his.  He also alleges that the RVR showed that the phone was found on a

different bed. Nevertheless, he alleges that Defendant Disciplinary Hearing Officer Hernds changed the bed number on the RVR during the hearing, to reflect Carter's bed. He claims this violated MDOC policy, which requires the staff to make any changes to an RVR, they have personally written, within 24 hours. Carter also contends that the RVR did not contain his correct MDOC number nor the year during which the RVR was written. He claims that these errors caused the RVR to be void.

Hernds found Carter guilty of possessing a cell phone, and he was punished by being moved from housing unit C-1 to C-2. He appealed the RVR through the Administrative Remedy Program, but Defendant Hubert Davis affirmed the conviction.

Carter initiated this action, specifically invoking 42 U.S.C. § 1983. He claims that his rights to be present during the search and to due process were violated. He claims Defendant Superintendent Demmas is liable because he failed to advise Morris that inmates should be present during searches. Carter claims that Defendant Officer O. Lewis knew the RVR was wrong but failed to remedy the problem. For relief, Carter seeks to have the RVR overturned.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Carter to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Carter brings unreasonable search and due process claims under § 1983.

### UNREASONABLE SEARCH

First, the Court addresses Carter's claim that his right against an unreasonable search was violated because he was not present during the shakedown of his cell.

A prisoner does not have an expectation of privacy in his cell and "accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Additionally, Carter has no constitutional right to attend the search of his cell. *Block v. Rutherford*, 468 U.S. 576, 590 (1984) (holding detainees had no right to observe searches of their cells). Such a claim is "properly dismissed as frivolous." *Montana v. Comm'r's Ct.*, 659 F.2d 19, 22 (5th Cir. 1981). Carter's claim regarding the search of his cell is therefore dismissed as frivolous. This dismissal counts as a strike pursuant to § 1915(g).

### DUE PROCESS

As for Carter's due process claim and professed innocence, there "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945

(5th Cir. 2003).  On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights.  *Id.* at 953-54, 958.  To maintain a procedural due process claim, Plaintiff must show that the RVR either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995).  Plaintiff does not allege that the RVR affected or will inevitably affect his sentence.  Rather, he complains that he was moved from one housing unit to another.  He alleges no other change in his situation, despite being given the opportunity to do so.  He does not contend that the housing assignments are different in any respect except location.  This is not an atypical or significant hardship on the inmate.  This claim is likewise dismissed as frivolous and counts as a strike pursuant to § 1915(g).  *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  A separate Final Judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 11th day of December, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE